UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROCHESTER LABORERS'
WELFARE-S.U.B. FUND, et al.,

                        Plaintiffs,

                                                      Case # 15-CV-6754-FPG

v.

                                                       DECISION AND ORDER

CARDONA AND SONS, INC., and
STEVEN CARDONA,

                        Defendants.

Plaintiffs, who are essentially various pension and annuity funds, bring this action against Defendants Cardona and Sons, Incorporated and Steven Cardona, alleging that they failed to make required contributions to the Plaintiff funds.

The Complaint was filed on December 17, 2015 (ECF No. 1), and the docket sheet reflects the Defendants were served on January 18, 2016 and January 19, 2016, making their answers due on February 8, 2016 and February 9, 2016. *See* ECF Nos. 5, 6. However, the Defendants did not answer or otherwise respond to the Complaint by those deadlines.

On February 24, 2016, Plaintiff requested that the Clerk of the Court enter default against Defendants pursuant to Fed. R. Civ. P. 55(a) (ECF No. 7), and the Clerk entered the requested default on February 25, 2016. ECF No. 9. One month later, on March 25, 2016, Defendant Steven Cardona filed a Motion to Vacate the Entry of Default. ECF No. 11. Plaintiffs then filed a consolidated response to Defendant's Motion, which included their Motion for Default Judgment, on April 8, 2016. ECF No. 12. Defendant Steven Cardona filed his response on April 15, 2016, and Plaintiffs filed a reply brief on April 22, 2016. ECF Nos. 14, 16.

A Clerk's entry of default may be set aside "for good cause." Fed. R. Civ. P. 55(c). The standard for setting aside the Clerk's entry of default is less rigorous than the "excusable neglect" standard for setting aside a default judgment pursuant to Rule 60(b). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). Under the *Meehan* test, the principal factors to be considered in deciding to relieve a party of a default are: (1) willfulness; (2) prejudice to the adverse party; and (3) the existence of a meritorious defense. *Id.* at 277. Since a Clerk's entry of default is a precondition to seeking a default judgment, the Court notes that the Second Circuit has "a strong preference for resolving disputes on the merits," *New York v. Green,* 420 F.3d 99, 104 (2d Cir. 2005).

In moving to set aside the Clerk's Entry of Default, Defendant primarily argues that they have a meritorious defense. Specifically, they argue that the vast majority of the monies sought by Plaintiff have already been paid by a third-party surety. Defendant further argues that he was *pro se* at the time he was served, and did not become aware of the third-party surety payment until after the time to answer had passed, and points out that the Complaint is silent as to any third-party payments received by Plaintiff.

While the Court does not condone Defendant's act of failing to respond to the Complaint, the delay here has been minimal. While Defendant should have responded to the Complaint by February 8, 2016, there was no appearance by Defendants until March 25, 2016, when they moved to set aside the Clerk's February 25, 2016 entry of default. This delay of approximately 7 weeks is relatively minor, and no party has established prejudice based upon the 7 week delay.

While the parties argue a great deal about the significance of payments made by the third-party surety and its significance on these Defendants liabilities, those arguments go to the merits of the case – and those arguments should be resolved based on their merits. This is especially true given the Second Circuit's admonition that "default judgments are generally disfavored and

are reserved for rare occasions." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 168 (2d Cir. 2004) (quotation marks and citation omitted). This is not one of those rare occasions.

After evaluating the *Meehan* factors, the Court finds that no undue prejudice will inure to the Plaintiff if the Clerk's default were to be vacated, and that the proposed defense set forth by Defendants meet the low threshold of adequacy for purposes of Rule 55. As a result, Defendant's Motion to Vacate the Entry of Default (ECF No. 11) is GRANTED, and the Clerk's Entry of Default (ECF No. 9) is VACATED. Plaintiff's Motion for Default Judgment (ECF No. 12) is DENIED AS MOOT.

Defendants are directed to file their responsive pleading to the Complaint by April 3, 2017.

IT IS SO ORDERED.

DATED:   Rochester, New York
         March 20, 2017

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court